UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
TOMMIE W MEREDITH,                                               :
                                                                 :   Civil Action No.
                   Plaintiff,                              :
                                                                 :
    -against-                                                 :   **COMPLAINT**
                                                                 :
                                                                 :   (Plaintiff Demands
                                                                 :   A Jury Trial)
                                                                 :
AMERICAN MEDICAL RESPONSE OF                                     :
NEW YORK, LLC, AMERICAN MEDICAL                                  :
RESPONSE OF NEW YORK, INC.,                                      :
ERNEST PEREZ, PATRICK PICKERING and                              :
KRISTA PICKERING,                                                :
                                                                 :
                                                                 :
                   Defendants.                             :
-----------------------------------------------------------------X

PLAINTIFF, Tommie W. MEREDITH ("hereinafter "PLAINTIFF" or "PLAINTIFF MEREDITH), as and for his Complaint (the "Complaint") against DEFENDANTS AMERICAN MEDICAL RESPONSE OF NEW YORK, LLC AMERICAN MEDICAL RESPONSE OF NEW YORK, INC., ERNEST PEREZ, PATRIC PICKERING and KRISTA PICKERING sets forth and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 in that the action, involves federal questions, because the causes of action asserted herein arise in part under the American with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 200 Seq. ("Title VII"). This Court has jurisdiction over the related state law claims herein asserted pursuant

to 28 U.S.C. §1367, *Gibb*, 38 U.S. 715 (1966), and the laws of the State of New York, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff suffered as a result of being discriminated against, and retaliated against by Plaintiff's former employer on the basis of disability, religion, race and retaliation in accordance with the applicable principles of pendant jurisdiction.

2. Plaintiff further complains pursuant to the laws of the State of New York, seeking damages to redress the injuries Plaintiff has suffered as a result of being discriminated against, and conductively and constructively discharged by Plaintiff's former employer on the basis of disability, religion, race and retaliation.

3. Venue properly lies in the Southern District in which a substantial part of the events or omissions giving rise to the claim occurred, or substantial part of property that is subject of the action is situated in accordance with 28 U.S. Code §1391 (b)(2).

## JURY DEMAND

4. Plaintiff demands a trial by jury.

## PARTIES

5. PLAINTIFF Tommie W. MEREDITH is an African American Muslim man who is a resident of New Haven County, State of Connecticut.

6. At all times material, DEFENDAT AMERICAN MEDICAL RESPONSE OF NEW YORK, LLC was and is a Domestic Limited Liability Company.

7. At all times material, DEFENDANT AMERICAN MEDICAL RESPONSE OF NEW YORK, INC. was and is a Domestic Business Corporation authorized to do business in New York State.

8. At all times material, DEFENDANTS AMERICAN MEDICAL RESPONSE OF NEW YORK, LLC and AMERICAN MEDICAL RESPONSE OF NEW YORK, INC. are collectively called "AMR".

9. At all times material, DEFENDANT AMR does business in the State of New York.

10. DEFENDANTS' employee ERNEST PEREZ (hereinafter also referred to as DEFENDANTS' employee and "PEREZ") was and is an individual residing in the State of New York.

11. At all times material, DEFENDANTS' employee PEREZ was and is DEFENDANTS' Supervisor of Operations for AMR.

12. DEFENDANTS' employee PATRICK PICKERING (hereinafter also referred to as DEFENDANTS' employee and "PICKERING") was and is an individual residing in the State of Connecticut.

13. At all times material, DEFENDANTS' employee PICKERING was and is DEFENDANTS Regional Manager for AMR.

14. DEFENDANTS' employee KRISTA PICKERING (hereinafter also referred to as DEFENDANTS' employee and "KRISTA") was and is an individual residing in the State of New York.

15. At all times material, DEFENDANTS' employee KRISTA was and is DEFENDANTS Human Resource Manager for AMR.

16. In or around November of 2018, PLAINTIFF started working for DEFENDANT AMR as an Emergency Medical Technician.

17. PLAINTIFF worked out of Defendants business location at 35 Bartels Place, New Rochelle, NY 10801.

18. PLAINTIFF'S responsibilities included but were not limited to assess a patient's condition and to manage respiratory, cardiac, and trauma emergencies.

19. PLAINTIFF performed his duties very well and had never been written up.

20. At the time of PLAINTIFF'S employment PLAINTIFF had a beard as it is common in the Muslim community.

21. In or around December of 2018, DEFENDANTS' Regional Manager Patrick Pickering pulled PLAINTIFF into his office and stated: **"We don't honor religion here, either the beard goes, or you can."**

22. PLAINTIFF was surprised as PLAINTIFF'S beard was never an issue on any of PLAINTIFF'S previous jobs where he held the same time and responsibilities.

23. Despite PLAINTIFFS protestations on account of religion, PLAINTIFF went home and shaved his beard that same day.

24. Moreover, PLAINTIFF has been diagnosed with a medical condition called "Pseudo folliculitis Barbae," which is also perceived and regarded as a <u>disability.</u>

25. Soon thereafter, PLAINTIFF read the DEFENDANTS' employment handbook which stated: "Uniformed employees are permitted to wear facial hair, in accordance with proper safety rules, <u>as long as it is well groomed and presents a professional image."</u>

26. DEFENDANTS' Regional Manager Patrick Pickering never informed PLAINTIFF about this policy.

27. In or around April of 2019, DEFENDANTS brought in a new Supervisor of Operations, Ernest PEREZ.

28. Immediately thereafter, DEFENDANT PEREZ began mocking PLAINTIFF'S religion.

29. For instance, DEFENDANTS' Supervisor of Operations PEREZ would scream **"ALLAH!"** every time he would see the PLAINTIFF.

30. Moreover, DEFENDANTS' Supervisor of Operations PEREZ would ask PLAINTIFF'S co-workers if they felt "**comfortable**" working with a Muslim.

31. From that point on, DEFENDANTS' Supervisor of Operations PEREZ would constantly harass and discriminate against the PLAINTIFF because of PLAINTIFF'S religion and would try to coerce the PLAINTIFF to quit his job.

32. In or around May of 2019, DEFENDANTS' Supervisor of Operations PEREZ stated to PLAINTIFF'S coworkers: **"WATCH OUT FROM THIS GUY!"** implying that all Muslims are terrorists and that PLAINTIFF needed to be under close supervision, as if PLAINTIFF was a terrorist because of his religion.

33. This is evidenced by DEFENDANTS' Supervisor of Operations PEREZ' preceding litany of discriminatory remarks made towards the PLAINTIFF.

34. In or around June of 2019, DEFENDANTS' Supervisor of Operations PEREZ continued to discriminate against PLAINTIFF'S religion and would continue to scream **"ALLAH!"** every single time he saw PLAINTIFF, even though PLAINTIFF had repeatedly asked him to stop.

35. PLAINTIFF was afraid to complain to other Supervisors as they also were very hostile and sided with DEFENDANTS' Supervisor of Operations PEREZ.

36. For example, in or around June of 2019, PLAINTIFF complained about a co-worker to DEFENDANTS' Supervisor Ivelisse Burgos.

37. DEFENDANTS' Supervisor Ivelisse Burgos stated: **"You are a grown man, stop acting like a bitch."**

38. In or around July of 2019, DEFENDANTS' Supervisor of Operations PEREZ discriminated against PLAINTIFF'S race stating**: "The only reason why you have so many issues is because you are Black!"**

39. In or around August of 2019, DEFENDANTS' Supervisor of Operations PEREZ stated in front of PLAINTIFF and his co-workers: **"Tommie you only work to pay child support, your check must be like $20."**

40. On or about September 5, 2019, DEFENDANTS placed PLAINTIFF on administration leave because of PLAINTIFFS protected complaints based on race religion, disability and retaliation.

41. DEFENDANT asked that PLAINTIFF submit an AMR interactive Process Questionnaire and a letter from PLAINTIFFS dermatologist.

42. PLAINTIFF immediately provided a letter from his dermatologist stating: **"Please allow Tommie Meredith to maintain a neat and trimmed beard for his medical condition Pseudo folliculitis Barbae."**

43. On or about September 11, 2019, PLAINTIFF completed the AMR Interactive Process Questionnaire which was within the time frame indicated.

44. On or about September 11, 2019, DEFENDANTS' Clinical Manager William McGarrity sent an email to PLAINTIFF stating: "Alison Claudio (HR Generalist) and Krista Pickering (HR Manager) will handle everything while you are on Administrative Leave and will be able to advise you of your status and when you can return to work.

45. Upon information and belief, DEFENDANTS' Regional Manager Patrick and DEFENDANTS' Human Resources Manager Krista Pickering are married.

46. Upon information and belief, DEFENDANTS ignored PLAINTIFFS emails and phone calls for approximately <u>three (3) weeks which led to PLAINTIFF'S constructive termination.</u>

47. Despite ordering PLAINTIFF to complete an "interactive" process questionnaire, DEFENDANTS did not offer PLAINTIFF any reasonable accommodation or engage in any interactive discussion with the PLAINTIFF.

48. Rather than engage in the interactive process, DEFENDANTS retaliated against the PLAINTIFF by forcing PLAINTIFF into administrative leave without promise of a return date effectively leading to his constructive termination.

49. This case involves the systematic unlawful race discrimination, religion discrimination, disability discrimination and retaliation.

50. The above actions by DEFENDANTS qualify as an adverse employment action.

51. DEFENDANTS' actions caused PLAINTIFF to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

52. As a result of DEFENDANTS' discriminatory and intolerable treatment, PLAINTIFF suffered and continues to suffer from anxiety and severe emotional distress.

53. As a result of the acts and conduct complained of herein, PLAINTIFF has suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

54. As DEFENDANTS' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, PLAINTIFF demands Punitive Damages against all DEFENDANTS jointly and severally.

<b><u>AS A FIRST CAUSE OF ACTION<br>FOR DISCRIMINATION UNDER<br>THE AMERICANS WITH DISABILITIES ACT</u></b>

**(not against individual Defendants)**

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

56. Plaintiff claims Defendants violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. I01-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 1210I.

57. SEC. 12112. (Section 102] specifically states:

    a. General Rule. -No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

58. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION
FOR RETALIATION UNDER
THE AMERICANS WITH DISABILITIES ACT
(not against individual Defendants)**

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. SEC. 12203. [Section 503] states:

    a. Retaliation " No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

61. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRD CAUSE OF ACTION
DISCRIMINATION UNDER TITLE VII
(Not Against Individual Defendants)**

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs

of this complaint.

63. Title VII states in relevant part as follows:

    a. Employer practices:
    b. It shall be an unlawful employment practice for an employer:

        i. to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

64. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race and religion.

65. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by terminating and otherwise discriminating against Plaintiff as set forth herein on account of Plaintiff's race and religion.

### AS A FOURTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

    c. "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this

subchapter."

68. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

### AS A FIFTH CAUSE OF ACTION
### FOR DISCRIMINATION
### UNDER STATE LAW

69. Executive Law § 296 provides that it shall be an unlawful discriminatory practice:

    d. "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

70. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff as set forth herein.

71. Defendants engaged in an unlawful discriminatory practice by discriminating, harassing and creating a hostile work environment against the Plaintiff because of his race, religion and disability.

72. Plaintiff hereby make a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

### AS A SIXTH CAUSE OF ACTION
### FOR DISCRIMINATION
### UNDER STATE LAW

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

74. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

    e. "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

75. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

### AS A SEVENTH CAUSE OF ACTION
### FOR DISCRIMINATION
### UNDER STATE LAW

76. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

77. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

    f. "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

78. Defendants engaged in an unlawful discriminatory practice by, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants jointly and severally for all available damages including but not limited to emotional distress, lost wages, back pay, front pay, punitive damages, statutory damages, attorney's fees, costs, medical expenses, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
June 3, 2020

                                                   **L & D LAW, P.C**
                                                 **(Liggieri & Dunisha)**

By: _____/s/_____
Paul Liggieri, Esq.
11 Broadway, Suite 615
New York, NY 10004